Jaafar v. Garland

BIA
Christensen, IJ
A088 443 209

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand twenty-four.

PRESENT:
> RICHARD C. WESLEY,
> DENNY CHIN,
> MYRNA PÉREZ,
> *Circuit Judges.*

───────────────────────────────────

ALI HASSAN JAAFAR,
> *Petitioner*,

v.                                                         **23-7418**

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

───────────────────────────────────

FOR PETITIONER:                 Theodore N. Cox, Esq., New York, NY.

FOR RESPONDENT:                 Brian M. Boynton, Principal Deputy Assistant
                                Attorney General; David J. Schor, Senior

Litigation Counsel; Aric A. Anderson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Ali Hassan Jaafar, a native and citizen of Lebanon, seeks review of a September 22, 2023, decision of the BIA affirming a January 30, 2019, decision of an Immigration Judge ("IJ") denying his application for cancellation of removal. *In re Jaafar*, No. A088 443 209 (B.I.A. Sept. 22, 2023), *aff'g* No. A088 443 209 (Immig. Ct. N.Y. City Jan. 30, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). A nonpermanent resident, like Jaafar, may have his removal cancelled if, as relevant here, he "establishes that removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). "[C]ancellation of removal is a two-step process. First, an alien must prove eligibility by showing that he meets the statutory eligibility requirements. Second, assuming an alien satisfies the

2

statutory requirements, the Attorney General in his discretion decides whether to grant or deny relief." *Mendez v. Holder*, 566 F.3d 316, 319–20 (2d Cir. 2009) (quoting *Rodriguez v. Gonzales*, 451 F.3d 60, 62 (2d Cir. 2006)). The burden of proof is on the applicant at both stages. *See* 8 U.S.C. § 1229a(c)(4)(A).

Our jurisdiction to review the agency's denial of cancellation of removal is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(B), (D); *cf. Wilkinson v. Garland*, 601 U.S. 209, 212 (2024) (holding that "hardship" for purposes of statutory eligibility is reviewable as a mixed question of law and fact).

Jaafar does not raise a colorable question of law as to the agency's discretionary denial of cancellation. Because we do not have jurisdiction to review the discretionary denial of relief, we do not reach the alternative eligibility determination. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court